IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03260-KLM

SURF 9, LLC,

    Plaintiff,

v.

THE SPORTS AUTHORITY, INC., and
EASTMAN FOOTWEAR GROUP, INC.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

In conformance with the stipulation between Plaintiff Surf 9, LLC (hereinafter "Plaintiff") and Defendants The Sports Authority, Inc. and Eastman Footwear Group, Inc. (hereinafter "Defendants"), and good cause appearing, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order is hereby entered to protect the discovery and dissemination of confidential information or information that will improperly harm, annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

1. "Confidential Material" shall mean any information, documents, electronically stored information or testimony that is furnished in the course of this action, which the producing person, whether a party or a non-party hereto designates as "Confidential" or "Attorneys Eyes Only" as provided in this Protective Order.

2. Any confidential or proprietary information or document or electronically stored information produced by any party or non-party as part of discovery in this action may be designated by the producing party as "Confidential." A document or electronically stored information may be designated "Confidential" when it contains personal or business financial information, including but not limited to revenues, costs, or pricing, customer information, business relations, or any other matter that would put the producing party at a competitive disadvantage if the information became known to third parties. Material may be designated as "Attorneys Eyes Only" information if it constitutes trade secret information or other confidential research, product or service development, or commercial information subject to protection under Fed. R. Civ. P. 26(c)(l)(G) and the disclosure of such information other than provided for by this Order for "Attorneys Eyes Only" information would materially affect the business, financial or commercial interests of the party producing, such as (by way of example but not limitation) information regarding the finances of the producing party or the identity of the producing party's customers and sales agents.

3. Information, documents, and electronically stored information may be designated as "Confidential" or "Attorneys Eyes Only" as follows:

   a. information set forth in a response to an interrogatory or a request for admission may be so designated by including the word "Confidential" or "Attorneys Eyes Only" in the response or a portion thereof;

    b. information contained in a document or a part thereof may be so designated by marking the word "Confidential" or "Attorneys Eyes Only" on all copies of it delivered to the receiving party. Electronically stored information shall have the same designations marked within the document's header or within the database entry in which the document is maintained; and

    c. information disclosed during the course of a deposition may be so designated as set out in Paragraph 8 herein below.

4. Confidential Material may not be used or disclosed to anyone except as provided in this Protective Order, and shall be used only for purposes of adjudicating the claims and issues between the parties that have been raised in this action, whether adjudicated in this forum or in any other forum, provided that use in such other forum be subject to a protective order entered in such other forum.

5. Documents and electronically stored information or interrogatories or transcripts designated "Confidential," as well as any copies or excerpts thereof, or analyses or reports pertaining thereto, may be made available only to the following:

    a. Any named party to this litigation, including any present officer, employee, or director thereof to whom it is necessary that the designated material be shown for purposes of the litigation;

    b. Outside counsel for the receiving party, including but not limited to any attorneys, staff, or paralegals employed by counsel of record for the receiving party.

    c. Judges, Magistrate Judges, law clerks and other personnel of this Court ("the Court"), and any federal or state governmental agency that formally requests such information;

    d. independent experts not employed by any party who have been specifically retained by a party to give expert testimony or otherwise assist in the preparation of an action for trial;

    e. court reporters or stenographers engaged to record deposition testimony, and their employees;

    f. persons who authored the document or to whom the document or a copy thereof was previously provided by the producing party, or who received it in the ordinary course of business;

    g. the parties' insurers, but only to the extent necessary to evaluate coverage under an existing insurance policy; and

    h. such other persons as hereafter may be authorized by the Court upon motion of either party, or upon stipulation of all parties.

6. Disclosure of "Attorneys Eyes Only" information may be made only to those persons specified in categories 5.b-h, above.

7. Each person falling within categories, d, g and h of paragraph 5 above who is permitted by the parties or their counsel to have access to "Confidential" or "Attorney Eyes Only" information shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving the same, such person shall sign a Disclosure Agreement in the form attached

hereto as Exhibit A indicating that he or she has read the Protective Order and agrees to comply with its terms, and this affidavit shall be held by counsel for the duration of this litigation.

8. Information contained in deposition testimony may be so designated as Confidential Material by two alternative means: (1) the witness or any counsel may make a statement on the record that certain testimony is to treated as "Confidential" or "Attorneys Eyes Only" at the time the testimony is given, or (2) the witness or any counsel may, within twenty (20) days of receiving the transcript or a portion thereof, designate as "Confidential" or "Attorneys Eyes Only" the transcript or any portion thereof by so advising counsel for all other parties in writing ~~and the reporter shall be directed to bind the so designated Confidential or Attorneys Eyes Only portions separately~~. During the period from the taking of the deposition through this twenty (20) day period, counsel for the parties shall treat the transcript as if it had been designated "Attorneys Eyes Only." Any transcript or portion thereof not designated as Confidential Material within such twenty (20) day period shall be deemed not to contain confidential information unless otherwise ordered by the Court. *KLM*

9. To the extent that any Confidential Information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Attorney Eyes Only information, shall be handled pursuant to D.C.COLO.LCivR 7.2.

10. Any documents, electronically stored information or things that are produced without being designated as "Confidential" or "Attorneys Eyes Only" may be so designated, with respect to future disclosure, by the producing party or non-party by sending written notice making such designation to each party who has received such material, provided such written notice is given within a reasonable time after the producing party or non-party learns of the error in designation. Disclosure of such material prior to its designation as "Confidential" or "Attorneys Eyes Only" shall not violate the terms of this Protective Order; providing, however, that a person disclosing such material that is subsequently designated as "Confidential" or "Attorneys Eyes Only" shall use his or her best efforts to retrieve such material from the recipient(s) and prevent further disclosures, except as authorized in this Protective Order.

11. A party may request in writing to the other party that the designation given to any Confidential Information be modified or withdrawn. Within 14 days of receipt of the request by the designating party, the parties shall meet and confer in a good faith attempt to resolve the request. If after the meet and confer, the designating party does not agree to all redesignations, the requesting party may apply to the Court for relief by ~~filing~~ making a motion setting forth the basis for the challenge. Upon any such motion, the burden of persuasion shall be on the designating party to justify its classification as proper. Pending the Court's determination of the motion, the designation of the designating party shall be maintained. Failure by the requesting party to make such a motion within 21 days after the meet and

[Handwritten margin note: "KLM" and "All such motions shall be made pursuant to MJ Mix's discovery procedures."]

confer shall automatically waive any objections to the confidentiality designation of the challenged Confidential Information.

12. Within thirty (30) days of the resolution of this action, all "Confidential" or "Attorneys Eyes Only" documents or electronically stored information and copies thereof that have been disclosed under this Protective Order shall either be returned to the producing party or the receiving party shall certify that it has made good faith efforts to locate and destroy all such material. Provided, however, that outside counsel of record shall have the right, subject to the terms hereof, to retain one copy of all materials for their internal records. The terms of this Stipulation and Protective Order will survive the termination of this Litigation.

13. The provisions of this Protective Order shall not be construed as preventing:

   a. any disclosure of "Confidential" or "Attorneys Eyes Only" information by the producing party;

   b. any disclosure of "Confidential" or "Attorneys Eyes Only" information to the Court for purposes of this action, including offering such information into evidence at the trial of this action; or

   c. any disclosure of information that a receiving party has obtained lawfully from a source other than the producing party, even if the producing party has produced the same information and designated it as "Confidential" or "Attorneys Eyes Only" pursuant to this Protective Order.

14. The provisions of this Protective Order may be modified by an order of this Court. Nothing contained herein shall be deemed to preclude either party from waiving

any protection afforded to its information under this Protective Order, provided such waiver is in writing or is recorded in a transcript during deposition testimony.

15. This Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of relevance, undue burden, scope, attorney-client privilege, work product immunity or any other privilege or protection provided under law.

16. The inadvertent production of any document, electronically stored information, material or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. This Order is expressly made pursuant to Federal Rule of Evidence 502(d), and any such disclosure by the parties does not waive any privilege or immunity by such inadvertent production. Upon discovery of such inadvertent production, a producing party may notify the receiving party and request return of any such document or information, as well as any and all copies which may have been made by the receiving party.

17. Upon execution by the parties, this Stipulation and Protective Order shall be submitted to the Court with a joint request that it be entered as an Order of the Court. Prior to entry of an Order by the Court, the parties will comply with D.C. COLO.LPtR 3(b).

18. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective

Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) *and pursuant to MJ Mix's discovery procedures.*

KLM

**IT IS SO ORDERED:**

Date: April 28, 2015

UNITED STATES ~~DISTRICT COURT~~ *Magistrate* JUDGE